UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELSA D., an Individual,<br><br>            Plaintiff,<br><br>            v.<br><br>ANDREW M. SAUL¹, Commissioner of Social Security,<br><br>            Defendant. | Case No.: 8:17-02183 ADS<br><br><br>MEMORANDUM OPINION AND ORDER |

**I.    INTRODUCTION**

       Plaintiff Elsa D.² ("Plaintiff") challenges the Defendant, Andrew M. Saul

---

[1] Andrew Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). See also section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

[2] Plaintiff's name has been partially redacted in compliance with Fed. R. Civ. P. 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

-1-

1 , Commissioner of Social Security's (hereinafter "Commissioner" or "Defendant") denial of her application for a period of disability and disability insurance benefits ("DIB") and supplemental security income ("SSI"). The parties filed consents to proceed before the undersigned United States Magistrate Judge [Docket "Dkt." Nos. 7, 13] and briefs addressing disputed issues in the case [Dkt. No. 18 ("Pltf.'s Br."), Dkt. No. 20 ("Def.'s Br."), and Dkt. No. 21 ("Pltf.'s Reply")]. The Court has taken the parties' briefing under submission without oral argument. For the reasons stated below, the decision of the Commissioner is reversed and the case is remanded.

## II. PROCEEDINGS BELOW

Plaintiff filed applications for DIB under Title II and SSI under Title XVI on April 29, 2014, alleging disability beginning January 6, 2011. (Administrative Record ("AR") 16; 398-408). Plaintiff's applications were denied initially on July 23, 2014 (AR 261-69), and upon reconsideration on October 29, 2014 (AR 271-82). A hearing was held before Administrative Law Judge ("ALJ") Alan J. Markiewicz on November 8, 2016. (AR 333-58).

On March 15, 2017, the ALJ found that Plaintiff had not been under a disability, pursuant to the Social Security Act[3], since January 6, 2011.[4] (AR 13-37). The ALJ's

---

[3] Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment expected to result in death, or which has lasted or is expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A).

[4] The ALJ dismissed Plaintiff's DIB claim because there was a prior determination that she was not disabled as of March 21, 2013, that involved the same parties, law, facts and issues as under her current applications. (AR 16). The ALJ found that the prior determination was final and therefore because the date of Plaintiff's previous determination was after the date last insured, Plaintiff's claim for DIB under Title II was dismissed. (Id.) Plaintiff does not raise any claim of error as to this finding. Thus, the relevant period for the ALJ to adjudicate was from April 29, 2014, the application date, through March 15, 2017, the date of the ALJ's decision. (AR 16, 19).

1 decision became the Commissioner's final decision when the Appeals Council denied
2 Plaintiff's request for review on October 20, 2017. (AR 1-7). Plaintiff then filed this
3 action in District Court on December 14, 2017, challenging the ALJ's decision. [Dkt. No.
4 1].

5 In the ALJ's decision of March 15, 2017 (AR 13-37), the ALJ followed the required
6 five-step sequential evaluation process to assess whether Plaintiff was disabled under
7 the Social Security Act.[5] 20 C.F.R. § 404.1520(a)(4). At **step one**, the ALJ found that
8 Plaintiff did not engage in substantial gainful activity since April 29, 2014, the
9 application date. (AR 19). At **step two**, the ALJ found that Plaintiff had the following
10 severe impairments: disc disease of the cervical, thoracic spine, and lumbar spine;
11 diabetes; and major depressive disorder. (AR 19). At **step three**, the ALJ found that
12 Plaintiff "does not have an impairment or combination of impairments that meets or
13 medically equals the severity of one of the listed impairments in 20 CFR Part 404,
14 Subpart P, Appendix 1." (AR 20).

---

[5] The ALJ follows a five-step sequential evaluation process to assess whether a claimant is disabled: Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two. Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate. Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four. Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five. Step five: Does the claimant have the residual functional capacity to perform any other work? If so, claimant is not disabled. If not, the claimant is disabled. Lester v. Chater, 81 F.3d 821, 828 n. 5 (9th Cir. 1995) (citing 20 C.F.R. §404.1520).

The ALJ then found that Plaintiff had the following Residual Functional Capacity[6] ("RFC"):

> [P]erform light work as defined in 20 CFR 416.967(b) except: the claimant can lift and/or carry twenty pounds occasionally, ten pounds frequently; the claimant can stand and walk for six hours out of an eight-hour workday; the claimant can sit for six hours out of an eight-hour workday; the claimant cannot climb ladders, ropes or scaffolds; the claimant can occasionally climb ramps and stairs, balance, stoop, kneel, crouch or crawl; the claimant is limited to work involving simple repetitive tasks; and the claimant can have no more than occasional contact with coworkers and the public.

(AR 21).

At **step four**, based on Plaintiff's RFC and the vocational expert's testimony, the ALJ found that Plaintiff was unable to perform any past relevant work. (AR 27).

At **step five**, the ALJ found that, "[c]onsidering the claimant's age, education, work experience and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform." (AR 28). The ALJ accepted the vocational expert's testimony that claimant, given her age, education, work experience, and residual functional capacity, would be able to perform the requirements of representative occupations such as: Small parts assembler (DOT 706.684-022); Shoe packager (DOT 920.687-166); and Laundry sorter (DOT 361.687-014). (AR 28). As such, the ALJ found that Plaintiff was "not disabled", as defined in the Social Security Act, at any time from April 29, 2014, through the date of the ALJ's decision. (AR 29).

---

[6] A Residual Functional Capacity is what a claimant can still do despite existing exertional and nonexertional limitations. See 20 C.F.R. §§ 404.1545(a)(1), 416.945(1)(1).

### III. STANDARD OF REVIEW

Under 42 U.S.C. §405(g), a district court may review the Commissioner's decision to deny benefits. A court must affirm an ALJ's findings of fact if they are supported by substantial evidence and if the proper legal standards were applied. Mayes v. Massanari, 276 F.3d 453, 458-59 (9th Cir. 2001). "Substantial evidence" means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). An ALJ can satisfy the substantial evidence requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted).

"[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the Secretary's conclusion." Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and internal quotation marks omitted). "'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008) (citing Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)); see Robbins, 466 F.3d at 882 ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ."). The Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not

rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007) (citing Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003)).

**IV. DISCUSSION**

Plaintiff raises two issues for review: whether the ALJ committed legal error in not adequately assessing Plaintiff's testimony regarding her pain and limitations (i.e., Plaintiff complains the ALJ did not find her testimony to be credible); and whether the ALJ failed to properly consider the reporting of the treating physician, Dr. Shah. [Dkt. 18, Pltf.'s Br. 1 and 8].

### A. The ALJ Failed to Properly Assess Plaintiff's Testimony

Plaintiff first contends that the ALJ committed legal error in not adequately assessing her testimony regarding her pain and limitations.

A claimant carries the burden of producing objective medical evidence of his or her impairments and showing that the impairments could reasonably be expected to produce some degree of the alleged symptoms. Benton ex rel. Benton v. Barnhart, 331 F.3d 1030, 1040 (9th Cir. 2003). But once the claimant meets that burden, medical findings are not required to support the alleged severity of pain. Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991) (en banc); see also Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997) ("claimant need not present clinical or diagnostic evidence to support the severity of his pain") (citation omitted)).

Instead, once a claimant has met the burden of producing objective medical evidence, an ALJ can reject the claimant's subjective complaint "only upon (1) finding evidence of malingering, or (2) expressing clear and convincing reasons for doing so." Benton, 331 F.3d at 1040. The ALJ may consider at least the following factors when weighing the claimant's credibility: (1) his or her reputation for truthfulness;

(2) inconsistencies either in the claimant's testimony or between the claimant's testimony and his or her conduct; (3) his or her daily activities; (4) his or her work record; and (5) testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which she complains. Thomas v. Barnhart, 278 F.3d 15 947, 958-59 (9th Cir. 2002) (citing Light, 119 F.3d at 792). "If the ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engage in second-guessing." Id. at 959 (citing Morgan v. Apfel, 169 F.3d 595, 600 (9th Cir. 1999)).

Here, nowhere in his opinion does the ALJ address evidence of malingering. Thus, in rejecting Plaintiff's credibility, the ALJ was required to articulate clear and convincing reasons. See Benton, 331 F.3d at 1040. The ALJ clearly identifies two bases for discounting Plaintiff's testimony: Plaintiff's reported daily activities and that Plaintiff was not receiving the medical treatment one would expect a disabled person to receive. The ALJ's decision describes the reasons for discrediting Plaintiff's testimony regarding her pain as follows:

> Although the claimant's activities of daily living were somewhat limited, some of ... these activities are the same as those necessary for obtaining and maintaining employment and are inconsistent with the presence of an incapacitating or debilitating condition. The claimant indicated she performed personal grooming activities, performed some household chores, prepared simple meals, drove a vehicle and went places alone (Testimony and Ex. 16F). Her ability to participate in such activities undermines her allegations of disabling functional limitations.
> The claimant has not generally received the type of medical treatment one would expect for a totally disabled individual. ... These findings are inconsistent with the alleged severity of her symptoms and functional limitations.
> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of

> these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(AR 22-23). Having carefully reviewed the record, the Court finds that the ALJ failed to provide sufficient clear and convincing reasons for discounting Plaintiff's subjective complaints.

### 1. Conservative Treatment

The ALJ stated that Plaintiff "has not generally received the type of medical treatment one would expect from a totally disabled individual" (AR 23) and, upon further detailed review of the medical evidence, the ALJ noted that the Plaintiff's treatment records reveal "grossly conservative medical treatment since the application date." (AR 26). The ALJ, however, only provided these conclusory statements as to the treatment Plaintiff received and failed to explain how the treatment received is "grossly conservative" or what type of medical treatment one would expect to receive from a totally disabled individual. The ALJ failed to meet his requirement of expressing clear and convincing reasons for discounting Plaintiff's testimony on this basis.

### 2. Daily Activities

The ALJ also found that Plaintiff's activities undermine her testimony. The ALJ, however, once again only made a conclusory statement that the minimal activities listed undermine Plaintiff's allegations of disabling functional limitations. (AR 22-23). The Ninth Circuit has noted, "[a]s this Court previously has explained, if a claimant engages in numerous daily activities involving skills that could be transferred to the workplace, the ALJ may discredit the claimant's allegations *upon making specific findings relating to those activities.*" Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005) (emphasis added). Here, the ALJ made no such specific findings. Moreover, daily activities

specifically identified by the ALJ, "personal grooming activities, performed some household chores, prepared simple meals, drove a vehicle and went places alone", do not provide a clear and convincing reason for discrediting Plaintiff's testimony.

### 3. Lack of Objective Medical Evidence

Although not clearly or specifically stated, the ALJ may have also relied on the objective medical evidence as a third basis for discrediting Plaintiff's testimony. The ALJ summarizes records that may conflict with Plaintiff's testimony but fails to explain the contradictions. In addition, Plaintiff contends there is objective evidence in the record that supports at least some of Plaintiff's alleged symptoms. Again, the ALJ fails to provide a reason why those records should not be credited to supporting Plaintiff's testimony.

As the ALJ failed to articulate clear, convincing and specific reasons for discounting Plaintiff's pain and limitations testimony, the Court concludes that this finding by the ALJ shall be reversed. The case is remanded for a reassessment of Plaintiff's testimony.

**B.  The ALJ Failed to Properly Consider the Reporting of the Treating Physician, Dr. Shah**

Plaintiff's second contention is that the ALJ failed to properly consider the reporting of her treating physician, Dr. Nimish Shah. This Court agrees. Just as with discounting of Plaintiff's testimony, the ALJ fails to provide "specific and legitimate" reasons that are supported by substantial evidence in the record for discounting the opinion of Dr. Shah, a treating physician. Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995).

After summarizing Dr. Shah's reports, the ALJ merely asserts the conclusion, "[t]he severity of functional limitations assessed by Dr. Shara [sic] are disproportionate to the medical evidence in the [Plaintiff's] file. The majority of the [Plaintiff's] medical records document the [Plaintiff's] impairments as mild, including no loss of motor strength and only moderately decreased range of motions of the spine (citing AR 1171-96, 1284-1354)." (AR 26). The ALJ did not meet his burden of "setting out a detailed and thorough summary of the facts and conflicting clinical evidence stating his interpretation thereof, and making findings." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted); see also Tommasetti v. Astrue, 533 F.3d at 1041 (finding ALJ had properly disregarded a treating physician's opinion by setting forth specific and legitimate reasons for rejecting the physician's opinion that were supported by the entire record).

Summarizing medical records is not the same as making findings and stating interpretations. A conclusion must come after the analysis, not replace it. Nowhere in his decision does the ALJ succinctly provide specific and legitimate reasons based on substantial evidence for giving little weight to the treating physician's opinion. The conclusion, without more, is insufficient. As such, the Court reverses the ALJ's finding that Dr. Shah's report is entitled to little weight and remands for reassessment of the appropriate weight consistent with this decision.

## V. ORDER

For the reasons stated above, the decision of the Social Security Commissioner is REVERSED and the action is REMANDED.

DATE: October 17, 2019

                                          /s/ Autumn D. Spaeth
                                      THE HONORABLE AUTUMN D. SPAETH
                                      United States Magistrate Judge